# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHECKPOINT SYSTEMS, Inc., | : Case No.  5:10-CV-128 |
| Plaintiff, | : |
| | : JUDGE KATHLEEN O'MALLEY |
| v. | : |
| CASTLETON ENTERPRISES, Inc., *et al.*, | : **MEMORANDUM AND ORDER** |
| Defendants. | : |

Before the Court is Plaintiff Checkpoint Systems, Inc.'s ("Checkpoint") Motion for Judgment on the Pleadings and/or Motion for Default Judgment.  For the reasons explained below, this Motion is **DENIED** in part and **TERMED** in part, and Checkpoint's claim against certain defendants is **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

On January 19, 2010, Checkpoint filed a five count complaint against Defendants Castleton Enterprises, Inc., Castleton Books, Inc., Anthony C. Radford, and an unspecified number of "John Does".  (Doc. 1.)  On February 3, 2010, a return of service was filed, indicating that process had been served at a particular address upon Anthony C. Radford, who is apparently the authorized agent for the two known entity defendants (Castleton Enterprises, Inc. and Castleton Books, Inc.).  (Doc. 4.)  The return of service indicated that service had been perfected on January 27, 2010.  (*See id.*)

On February 25, 2010, Defendant Anthony C. Radford appeared *pro se* and filed an Answer in this case.  (Doc. 5.)  In this Answer, he asserts that he is currently seeking an attorney and that his Answer was delayed because:

> [T]he plaintiff and Attorney (Laura Beoglos) offered me a Settlement and Release Agreement that I am declining to sign. They sent the Settlement . . . dated 02/15/10 not allowing me ample time to respond and prepare to the original Civil Action. Since then, they have agreed to a (20) day extension from the date I responded 02/16/10

(Doc. 5.) The answer was signed and notarized on February 19, 2010.[1]  (*Id*.)  It appears that this answer purports to have been filed on behalf of both Radford and the identified corporate defendants. (*See id*.)

On April 23, 2010, Checkpoint filed the current motion. (Doc. 6.) Checkpoint now asks the Court for "JUDGMENT ON THE PLEADINGS AND/OR DEFAULT JUDGMENT." (*Id*. at 1.)

## ANALYSIS

This motion is not well-taken. It is not appropriate to file a motion for default judgment prior to obtaining an entry of default from the clerk:

> Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a two-step procedure is required to obtain a default judgment. First, under subsection (a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this step has been fulfilled, then a plaintiff may proceed to request entry of a default judgment under subsection (b) of Rule 55.

*United States v. Bli*, Case No. 09cv12007, 2009 U.S. Dist. LEXIS 115117, at *2 (E.D. Mich. Nov. 16, 2009). The motion for default judgment would be denied on this ground alone.

The motion for default is also substantively problematic against both the identified and unidentified defendants. Checkpoint asserts that it is entitled to default against the identified defendants because:

> Defendants' Answer was therefore due 21 days later on February 17, 2010. In an Email between Checkpoint's counsel and Defendants, Checkpoint agreed to a 20 day extension of time to respond to the Complaint. While Defendants note that Checkpoint has agreed to a 20 day extension of time, Defendants have failed to move this Court for the extension prior to the expiration of time for filing an Answer and prior to filing their Answer more than a week late.

---

[1] The Court notes that it does not seem to be in possession of the entire Answer. Only one page appears on the docket of this Court, although that page refers to "attachments."

2

(Doc. 6 at 5.) Even if the motion for default were not out of rule, the Court would excuse the Defendants' failure to ask this Court for an extension of time, given that Checkpoint agreed to such an extension. *Cf. United States v. $ 22,050.00 United States Currency*, 595 F.3d 318, 322 (6th Cir. 2010) ("[O]ur cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps.").

It also appears that Checkpoint would like an entry of default against the unidentified defendants, which is improper. *See Sanders v. Gilbert*, Case No. 94-35014, 1995 U.S. App. LEXIS 1182, at *3 (9th Cir. Jan. 20, 1995) ("[E]ntry of default judgment is inappropriate against a fictitious party defendant."); *Redmond v. Leatherwood*, Case No. 06-C-1242, 2009 U.S. Dist. LEXIS 9745, at *5 (E.D. Wis. Jan. 29, 2009) ("[T]he court cannot enter default against the John Does and Jane Does."). The Court, indeed, observes *sua sponte* that these defendants are not even proper parties to this action. Although it is permissible to file a complaint against John Doe Defendants when a Plaintiff has a good faith cause of action against such defendants, it is not appropriate to file an action against "John Doe Defendants" without alleging any particular facts about those defendants. *See* Ohio Civ. R. 15 (D) ("When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name <u>and description</u>." (emphasis added)); *accord Lewis v. Brown*, Case No. 04-6063, 2010 U.S. Dist. LEXIS 32137, at *25-26 (D.N.J. Mar. 30, 2010) ("[S]imply pleading a John Doe, without any 'appropriate description sufficient for identification is improper'."); *Sisk v. United States*, Case No. 06-2396, 2007 U.S. Dist. LEXIS 80791, at *8 (W.D. La. Oct. 30, 2007) ("Plaintiff's complaint . . . demonstrated absolutely no meaningful description of any one of the one hundred John Doe defendants named therein."). Here, Checkpoint has not enumerated, let alone described, the fictitious defendants: the only reference in the complaint to the John Doe Defendants is Checkpoint's allegation that "John Does are companies advertising and selling products that infringe or otherwise violate

3

Checkpoint's rights." (Compl. ¶ 10.)  Consequently, the fictitious "John Doe Defendants" are **DISMISSED WITHOUT PREJUDICE**.

The Court now turns to Checkpoint's motion for judgment on the pleadings.  Checkpoint argues:

> Defendants assert that they are "[d]enying all claims of unlawful conduct" and "[c]ontesting any and all liability to plaintiffs claims (Count 1-5)" (sic).  Answer ¶¶ 5 and 8.  Defendants have not specified what specific allegations of conduct they consider to be lawful or how they are contesting liability in any fashion.  Even viewed in a light most favorable to Defendants, the unspecific and grossly inadequate denial of "all claims of unlawful conduct" falls far short of a responsive pleading and ultimately requires that the Defendants are deemed to have admitted each and every averment set forth in the Complaint. Defendants' Answer does not raise any genuine issues of material fact.

(Doc. 6 at 4-5.)  Although Checkpoint's arguments are not entirely without merit, the Court will give the Defendants time to file an amended answer.  Defendants are cautioned that corporations may not appear without counsel, however.  *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993).

## CONCLUSION

For the aforementioned reasons, the John Doe Defendants are **DISMISSED WITHOUT PREJUDICE**, the Motion for Default (Doc. 5) is **DENIED**, and the Motion for Judgment on the Pleadings (*id.*) is **TERMED**.  Defendant Anthony C. Radford shall file an amended answer within **30 DAYS** adequately responding to each of the allegations in Plaintiff's Complaint.  The identified corporate defendants will likewise have **30 DAYS** to file an appropriate answer, through counsel.  Failure to file an answer will result in default judgment against any non-answering party.

**IT IS SO ORDERED.**

                                                        **s/Kathleen M. O'Malley**
                                                       **KATHLEEN McDONALD O'MALLEY**
                                                       **UNITED STATES DISTRICT JUDGE**

**Dated: April 29, 2010**