# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CHECKPOINT SYSTEMS, Inc.,** | : | Case No.  5:10-CV-128 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **CASTLETON ENTERPRISES, Inc.,** *et al.*, | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

This matter arises on the Court's own initiative.  For the reasons explained below, Defendant Anthony C. Radford must **SHOW CAUSE** why a judgment of default should not be entered against him.

On January 19, 2010, Checkpoint Systems, Inc. ("Checkpoint") filed a five count complaint against Defendants Castleton Enterprises, Inc., Castleton Books, Inc., Anthony C. Radford, and an unspecified number of "John Does."  (Doc. 1.)  On February 3, 2010, a return of service was filed, indicating that process had been served at a particular address upon Anthony C. Radford, who is apparently the authorized agent for the two known entity defendants (Castleton Enterprises, Inc. and Castleton Books, Inc.). (Doc. 4.)  The return of service indicated that service had been perfected on January 27, 2010. (*See id.*)

On February 25, 2010, Defendant Anthony C. Radford filed an Answer *pro se*. (Doc. 5.) This answer did not specifically address any of the issues in the Complaint, rather, it explained that he denied "all claims of unlawful conduct" and "[c]ontest[ed] any and all liability."  (*Id.*)

On April 23, 2010, Checkpoint filed a Motion for Judgment on the Pleadings and/or Judgment of Default.  (Doc. 6.)  In its motion, Checkpoint made a number of arguments, two of which are relevant here.  First, Checkpoint argued that Radford's answer failed to meet the minimum requirements for a proper responsive pleading under the Federal Rules.  Second, Checkpoint argued that the entity defendants had not filed an Answer at all.

On April 29, 2010, the Court issued an order in which it declined to grant any part of Checkpoint's motion.  (Doc. 7.)  Recognizing that Radford was appearing *pro se*, the Court exercised its discretion to "favor a policy of resolving cases on the merits instead of on the basis of procedural missteps."  (*Id.* (citing *United States v. $ 22,050.00 United States Currency*, 595 F.3d 318, 322 (6th Cir. 2010).)  The Court did, however, order Radford to file an Amended Answer within 30 days of its order. (Doc. 7.)  The Amended Answer was to "adequately respond[] to each of the allegations in Plaintiff's Complaint."  (*Id.*)  Similarly, the Court explained that entity defendants may not appear *pro se*, and gave those defendants 30 days to make an appearance through counsel if they intended to do so.  (*Id.*)

Radford declined to file an Amended Answer within the 30 day time period, and no counsel entered an appearance on behalf of the entity defendants.  Accordingly, on June 29, 2010, the Court set a default judgment hearing as to the entity defendants.  (Doc. 12.)  That same day, the Court also set a Case Management Conference for Checkpoint and Radford.  (Doc. 13.)[1]  Both were set for the morning of July 9, 2010.  (*See* Docs. 12,13.)

---

[1] At this Case Management Conference, the Court intended to ask Radford to explain why he had not filed an Amended Answer in compliance with the Court's April 29, 2010 Order.

On July 9, 2010, no attorney appeared on behalf of the entity defendants to contest an order of default judgment.[2] Radford, as well, did not appear for his scheduled Case Management Conference.

As explained above, Radford has now declined to comply with the Court's April 29, 2010 Order that he file an Amended Answer or to appear for the scheduled Case Management Conference. It seems, then, that it would be appropriate to enter default judgment against him. Should Radford wish to avoid an entry of default judgment, he must appear in person on **JULY 22, 2010 at 2:00pm** and **SHOW CAUSE** for his failure to appear at the scheduled Case Management Conference or to file an Amended Answer. Failure to appear will result in judgment against Radford, as will failure to show adequate cause upon appearance.

**IT IS SO ORDERED.**

                                                s/Kathleen M. O'Malley
                                                **KATHLEEN McDONALD O'MALLEY**
                                                **UNITED STATES DISTRICT JUDGE**

Dated: July 12, 2010

---

[2] Judgment of default against the entity defendants will be entered in a separate order (the Court has requested that Checkpoint submit a proposed order).

3